09-2291-ag
Dong v. Holder

BIA
Hom, IJ
A094 927 297

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of June, two thousand ten.

PRESENT:

> JON O. NEWMAN,
> ROBERT D. SACK,
> REENA RAGGI,
> > *Circuit Judges*.

_____

XU HUI DONG,
> *Petitioner*,

v.                                                    09-2291-ag
                                                      NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:        Richard   Tarzia,   Belle   Mead, New
                       Jersey.

FOR RESPONDENT:        Tony West, Assistant Attorney General,
                       Linda  Wernery,  Assistant  Director,
                       Trish  Maskew,  Attorney,  Office  of
                       Immigration   Litigation,   Civil
                       Division, United States Department of
                       Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xu Hui Dong, a native and citizen of China, seeks review of a May 4, 2009, order of the BIA affirming the September 19, 2007, decision of Immigration Judge ("IJ") Sandy K. Hom denying his application for asylum, withholding of removal, and relief under the Convention against Torture. *In re Xu Hui Dong*, No. A094 927 297 (B.I.A. May 4, 2009), *aff'g* No. A094 927 297 (Immig. Ct. N.Y. City Sept. 19, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

Dong does not contest the agency's finding that he is not *per se* eligible for relief based on his wife's forced sterilization. *See Shi Liang Lin v. U.S. Dep't of Justice*,

494 F.3d 296, 309-310 (2d Cir. 2007); *Matter of J-S-*, 24 I. & N. Dec. 520 (AG 2008). Rather, Dong argues that he was eligible for relief because he was "not ... allowed to enjoy the basic human right of procreating with his wife." This argument too is foreclosed by *Shi Liang Lin*. *See* 494 F.3d at 309-310 ("We do not deny that an individual whose spouse undergoes, or is threatened with, a forced abortion or involuntary sterilization may suffer a profound emotional loss as a partner and a potential parent. But such a loss does not change the requirement that we must follow the 'ordinary meaning' of the language chosen by Congress, according to which an individual does not automatically qualify for 'refugee' status on account of a coercive procedure performed on someone else.").

Moreover, the BIA reasonably found that Dong failed to demonstrate that the fine imposed upon him by family planning officials constituted persecution because, as the BIA noted, he offered neither testimony nor evidence regarding the fine. *See Matter of T-Z-*, 24 I. & N. Dec. 163, 170-75 (BIA 2007); *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (holding that "[i]n the absence of solid support in the record for [an applicant's] assertion that he will be [persecuted], his fear is speculative at best"); *Guan Shan Liao v. U.S.*

*Dep't of Justice*, 293 F.3d 61, 68 (2d Cir. 2002) (finding that an absence of evidence of applicant's net worth or other information necessary to evaluate his financial circumstances, precluded a finding of economic persecution). Because Dong established neither past persecution nor a well-founded fear of future persecution, the agency reasonably denied his application for asylum. *See* 8 U.S.C. § 1101(a)(42). Dong does not challenge the denial of either his application for withholding of removal or his illegal departure claim.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk

-4-